THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ROBERT VITELLI,**<br><br>Plaintiff,<br><br>v.<br><br>**MEDICREDIT, INC.,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-cv-00066-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Robert Vitelli's ("Mr. Vitelli") motion for attorney fees and costs.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants in part and denies in part Mr. Vitelli's motion.

## BACKGROUND

Mr. Vitelli filed his complaint in this action on May 19, 2022,[3] asserting causes of action against Defendant Medicredit, Inc. ("Medicredit") for violations of the Fair Debt Collection

---

[1] ECF No. 6.

[2] ECF No. 14.

[3] ECF No. 2.

Practices Act ("FDCPA")[4] and the Utah Consumer Sales Practices Act ("UCSPA").[5] On August 24, 2022, Medicredit provided Mr. Vitelli with an offer of judgment under Fed. R. Civ. P. 68 for a "monetary judgment in the amount of $3,001.00 (comprising statutory damages resulting from one violation of the [FDCPA]; statutory damages resulting from one violation of the [UCSPA]; and [Mr. Vitelli]'s actual damages), plus [Mr. Vitelli]'s reasonable attorneys' fees and costs as determined by the [c]ourt."[6] Mr. Vitelli accepted Medicredit's offer of judgment on August 27, 2022.[7]

On September 1, 2022, Judge Barlow entered an order for briefing on the issue of attorney fees and costs.[8] Consistent with that order, Mr. Vitelli filed the motion currently before the court requesting $10,440.00 in attorney fees and $402.00 in costs under the FDCPA and UCSPA,[9] both of which provide for an award of costs and reasonable attorney fees to the prevailing party.[10] Medicredit opposes Mr. Vitelli's motion.[11] Although Medicredit does not specifically dispute Mr. Vitelli's entitlement to costs, it argues that Mr. Vitelli should be awarded only $2,880.00 in attorney fees.

---

[4] 15 U.S.C. §§ 1692-1692p.

[5] Utah Code Ann. §§ 13-11-1 to -23.

[6] ECF No. 12-1 at 1-2.

[7] ECF No. 12.

[8] ECF No. 13.

[9] ECF No. 14.

[10] 15 U.S.C. § 1692k(a)(3); Utah Code Ann. § 13-11-19(2), (5).

[11] ECF No. 15.

## ANALYSIS

Based upon the following analysis, the court concludes that Mr. Vitelli is entitled to an award of: (I) attorney fees in the amount of $7,760.00, and (II) costs in the amount of $402.00. Accordingly, the court grants in part and denies in part Mr. Vitelli's motion.

**I.      Attorney Fees**

To determine Mr. Vitelli's award of attorney fees under the FDCPA and the UCSPA, the court employs the lodestar method.[12] Under that method, "the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates."[13] Accordingly, the court addresses Mr. Vitelli's counsel's claimed (A) hours and (B) hourly rate. After analyzing those two issues, the court (C) awards Mr. Vitelli attorney fees in the amount of $7,760.00.

**A.      Hours**

To assess the reasonableness of an attorney's claimed hours, the court considers: (1) whether the hours are supported by adequate billing records; (2) whether the attorney has exercised billing judgment; and (3) whether the hours expended on each task are reasonable.[14] The court addresses each of those issues below.

---

[12] *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (approving district court's use of lodestar method to calculate attorney fee award under the FDCPA); *Christensen v. Johnson Smith & Assocs.*, No. 2:19-CV-00676-BSJ, 2021 WL 66550, at *6-7 (D. Utah Jan. 7, 2021) (applying lodestar method to calculate attorney fee award under the FDCPA and the UCSPA).

[13] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citations omitted).

[14] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

### 1. Billing Records

In assessing billing records, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[15] Here, Mr. Vitelli's counsel has submitted sufficiently detailed billing records.[16]

### 2. Billing Judgment

Next, the court must ensure that the party's counsel has "exercised billing judgment."[17] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[18]

Mr. Vitelli's counsel has generally exercised adequate billing judgment. Although some of the hours expended by Mr. Vitelli's counsel appear to be excessive, the court will address that issue below when considering the reasonableness of the claimed hours.

### 3. Reasonableness of Hours

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[19] The court "approach[es] this reasonableness inquiry much as a senior partner in a

---

[15] *Id.*

[16] ECF No. 14-1 at 7-8 of 9.

[17] *Case,* 157 F.3d at 1250 (quotations and citations omitted).

[18] *Id.* (citations omitted).

[19] *Id.*

private law firm would review the reports of subordinate attorneys when billing clients."[20] The court may reduce counsel's hours "if they include 'hours that were unnecessary, irrelevant[,] and duplicative.'"[21] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[22] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4) 'the potential duplication of services.'"[23] Additionally, the court considers the twelve factors in *Johnson v. Georgia Highway Express, Inc.*[24] Below, the court first addresses the four factors set forth in *Case*, followed by the twelve factors in *Johnson*. Based on its consideration of those factors, the court concludes that some of Mr. Vitelli's counsel's claimed hours are not reasonable.

Turning to the first *Case* factor, this is not a complex case. It involves only two straightforward causes of action for violations of the FDCPA and the UCSPA. Moreover, even if the court were to accept all of Mr. Vitelli's counsel's claimed hours, he expended only about 20

---

[20] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted)

[21] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case*, 157 F.3d at 1250).

[22] *Robinson*, 160 F.3d at 1281.

[23] *Utah Physicians*, 2021 WL 254268, at *3 (quoting *Case*, 157 F.3d at 1250).

[24] 488 F.2d 714, 717-19 (5th Cir. 1974) (stating that when considering the reasonableness of attorney fees, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases); *see also Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (stating that the Tenth Circuit applies the twelve *Johnson* factors in statutory fee cases).

hours to bring those two claims to resolution in approximately three months after this case was filed. Considering the second *Case* factor, Mr. Vitelli's counsel was not required to pursue a great number of strategies to resolve this case. Although Mr. Vitelli's counsel claims that he prepared and planned for "protracted litigation," "extensive discovery," "expected defenses and excuses," and "less common approaches to defending the case" based upon his prior litigation history with Medicredit, he admits that none of those issues ever arose in this case.[25] Under the third *Case* factor, Mr. Vitelli's counsel was not required to respond to maneuvering from Medicredit. Indeed, his own billing records demonstrate that he made a settlement offer to Medicredit within the first month after this case was filed, conducted some discovery over the following two months without any apparent disputes, then accepted Medicredit's offer of judgment.[26] As for the final *Case* factor, Mr. Vitelli's counsel did expend some excessive and/or duplicative hours, which the court will discuss below.

Next, the court addresses the *Johnson* factors. First, as will be explained below, Mr. Vitelli's counsel's claimed number of hours to file this case and bring Mr. Vitelli's claims to resolution exceed the number of hours required to accomplish those tasks. Second, this case did not involve novel or difficult questions of law. This is especially true given Mr. Vitelli's counsel's claimed expertise in the area of consumer protection litigation[27] and his previous filing in this district of similar complaints under the FDCPA and the UCSPA.[28] Third, the court is not

---

[25] ECF No. 14 at 6.

[26] ECF No. 14-1 at 7-8 of 9.

[27] *Id.* at 1-3 of 9.

[28] *See, e.g.*, ECF No. 15-1.

persuaded that the skill required to bring this case to a resolution justifies all of Mr. Vitelli's counsel's claimed hours because, again, he has filed several similar complaints in this district in the recent past.[29] Fourth, notwithstanding Mr. Vitelli's counsel's assertions to the contrary, the amount of time he claims to have spent on this case (23.2 claimed hours over approximately four months) does not appear to have precluded work on other matters to a high degree. Fifth, as will be addressed below, Mr. Vitelli's counsel's claimed hourly billing rate is excessive. Sixth, because this case involves an award of fees under the FDCPA and the UCSPA, the fee is contingent, which required Mr. Vitelli's counsel to prosecute it with some risk that he would not be able to recover his fees and costs. Thus, the sixth factor weighs in Mr. Vitelli's favor. Seventh, it does not appear that Mr. Vitelli's counsel was under any time limitations in this case. Eighth, although Mr. Vitelli's counsel obtained a successful result in this case, the amount of the accepted offer of judgment ($3,001.00) is relatively low for federal court. Ninth, Mr. Vitelli's counsel is well qualified and experienced; however, his claimed hours are excessive, as will be discussed below. Tenth, although Mr. Vitelli's counsel contends that this case is undesirable, he also asserts that his practice is focused on consumer protection litigation, including claims under the FDCPA and the UCSPA.[30] Thus, it does not appear that Mr. Vitelli's counsel views such cases as being undesirable. Eleventh, the court is unaware of the nature and length of Mr. Vitelli and his counsel's professional relationship and, therefore, does not consider that factor. Finally,

---

[29] *See, e.g., id.*

[30] ECF No. 14-1 at 1-3 of 9.

recent federal court decisions demonstrate that attorney fee awards in similar cases are much lower than the amount Mr. Vitelli's counsel seeks in this case.[31]

Having considered the relevant factors, the court turns to its determination of the reasonableness of Mr. Vitelli's counsel's claimed hours.[32] Overall, Mr. Vitelli's counsel claims 23.2 hours of work, which includes 6.4 hours for work related to the complaint.[33] Given the similarity between the complaint Mr. Vitelli's counsel filed in this case and complaints he has recently filed in this district in other cases,[34] 6.4 hours for work related to the complaint is excessive and, therefore, not reasonable. Accordingly, the court reduces Mr. Vitelli's counsel's time entries related to the complaint to a total of 3.2 hours. Additionally, the court reduces Mr.

---

[31] *See, e.g.*, *Bush v. LVNV Funding LLC*, No. CV 22-1292-KSM, 2022 WL 16552923, at *1, 7 (E.D. Pa. Oct. 31, 2022) (awarding the plaintiff $4,136.25 in attorney fees under the FDCPA where the plaintiff accepted an offer of judgment for $1,001.00); *Ottow v. Pro. Placement Servs., LLC*, No. 20-CV-1008-WMC, 2022 WL 2193069, at *1, 3 (W.D. Wis. June 17, 2022) (awarding the two plaintiffs approximately $3,000.00 in total attorney fees under the FDCPA where each plaintiff accepted an offer of judgment for $1,001.00); *Schwartz v. Jzanus Ltd.*, No. 21-CV-480 (JMA) (SIL), 2022 WL 603996, at *1-2 (E.D.N.Y. Feb. 28, 2022) (awarding the plaintiff $3,604.30 in attorney fees under the FDCPA where the plaintiff accepted an offer of judgment for $1,001.00 just over one month after the case was filed); *Flat v. Cap. Link Mgmt., LLC*, No. 21-CV-722S, 2022 WL 465062, at *1, 5 (W.D.N.Y. Feb. 15, 2022) (awarding the plaintiff $6,830.00 in attorney fees under the FDCPA where the plaintiff accepted an offer of judgment for $2,0001.00 approximately five months after the case was filed).

[32] In addition to arguing that some of Mr. Vitelli's counsel's time entries should be reduced or eliminated, Medicredit asserts that Mr. Vitelli's counsel's overall time should be reduced for "roughly a 25% exaggeration of time." ECF No. 15 at 7. To support that assertion, Medicredit points to select portions of Mr. Vitelli's counsel's time and contends that it billed less time for similar tasks. Medicredit then extrapolates those examples to apply to all of Mr. Vitelli's counsel's time entries. Medicredit's argument is unpersuasive. The fact that Mr. Vitelli's counsel spent more time on certain similar tasks does not support Medicredit's position that *all* of Mr. Vitelli's counsel's time should be reduced by 25%.

[33] ECF No. 14-1 at 7-8 of 9.

[34] *See, e.g.*, ECF No. 15-1.

Vitelli's counsel's time entries related to establishing the amount of his attorney fee award, which total 3.1 hours.[35] Because the instant motion was not entirely successful, the court reduces that entry to 2.5 hours, which is roughly proportional to the success of the underlying motion.[36]

---

[35] Medicredit contends that Mr. Vitelli should not be allowed to recover his attorney fees for time his counsel spent pursuing his award of attorney fees and costs. Medicredit's position is contrary to precedent from the United States Court of Appeals for the Tenth Circuit and from district courts in the Tenth Circuit. *Orrick v. Midland Credit Mgmt., Inc.*, No. 11-CV-03133-PAB-KMT, 2014 WL 1015827, at *3 (D. Colo. Mar. 17, 2014) (providing, in the context of an award of attorney fees under the FDCPA, that "[r]ecovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled" (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986)); *Segura v. Midland Credit Mgmt., Inc.*, No. 12-CV-00830-PAB-BNB, 2013 WL 560702, at *4 (D. Colo. Feb. 14, 2013) (same) (citing *Glass*, 849 F.2d at 1266 n.3; *Hernandez*, 793 F.2d at 269); *Howard v. Midland Credit Mgmt., Inc.*, No. 11-CV-03123-PAB-BNB, 2012 WL 4359361, at *4 (D. Colo. Sept. 24, 2012) (same) (citing *Glass*, 849 F.2d at 1266 n.3; *Hernandez*, 793 F.2d at 269); *see also Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994) ("The Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees."); *Glass*, 849 F.2d at 1266 n.3 ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." (quotations and citation omitted)); *Hernandez*, 793 F.2d at 269 ("[T]his court generally allows recovery of fees for attorneys' work in seeking attorneys' fees."); *Utah Physicians*, 2021 WL 254268, at *22 ("'The Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees.'" (quoting *Cummins*, 44 F.3d at 855)).

[36] *Orrick*, 2014 WL 1015827, at *3 (reducing the plaintiff's fee award for a motion for attorney fees "slightly" because the "plaintiff's claim for a reasonable fee was substantially vindicated"); *Segura*, 2013 WL 560702, at *4 (reducing the plaintiff's hours for litigating the issue of attorney fees by 0.3 hours because the "plaintiff's motion for attorney's fees was mostly successful" and stating that the "award is proportionate to plaintiff's success on the underlying motion"); *see also Cummins*, 44 F.3d at 855 (concluding that an attorney is generally allowed to recover fees for work in seeking attorney fees, but a district court has discretion to deny an award for those hours if the "underlying claim for fees was unreasonable"); *Glass*, 849 F.2d at 1266 n.3 ("It is obviously fair to grant a fee for time spent litigating the fee issue, *at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated*, since it is the adversary who made the additional work necessary." (emphasis added) (quotations and citation omitted)).

Therefore, the court reduces Mr. Vitelli's counsel's overall hours by 3.8 hours, which renders a total of 19.4 recoverable hours.[37]

### B. Hourly Rate

Mr. Vitelli's counsel claims an hourly rate of $450.00.[38] To support the reasonableness of that rate, Mr. Vitelli's counsel contends that he has current clients paying a higher hourly rate of $550.00 and that a Utah State District Court judge recently approved that hourly rate as reasonable in another case Mr. Vitelli's counsel litigated.[39] Nevertheless, Mr. Vitelli's counsel asserts that he has lowered that hourly rate in this case to $450.00, which he contends was recently approved by another Utah State District Court judge as reasonable in yet another case Mr. Vitelli's counsel litigated.[40] Mr. Vitelli's counsel also notes that a judge in this district has concluded that an hourly rate of $450.00 is reasonable for lead counsel in the Salt Lake City, Utah legal market in a case involving class action class claims under the FDCPA and the UCSPA.[41]

---

[37] The court's reduction of Mr. Vitelli's counsel's hours is within its discretion to determine the reasonable number of hours for purposes of the lodestar calculation. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) ("[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." (quotations and citations omitted)).

[38] ECF No. 14-1 at 7-8 of 9.

[39] ECF Nos. 14 at 3, 14-1 at 4 of 9, 16-2.

[40] ECF Nos. 14 at 3, 16-3.

[41] *Morrison v. Express Recovery Servs., Inc.*, No. 1:17-CV-51, 2020 WL 3791893, at *3 (D. Utah July 7, 2020).

As the party requesting fees, Mr. Vitelli "bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' The focus must be on the 'prevailing market rate in the relevant community,'"[42] and "[t]he court may not use its own knowledge to establish the appropriate rate unless the evidence of prevailing market rates before the court is inadequate."[43] As shown below, Mr. Vitelli's counsel fails to provide adequate evidence of the prevailing market rate for the Salt Lake City, Utah legal market for FDCPA and UCSPA claims, and, therefore, the court relies upon other factors, including its own knowledge, to set Mr. Vitelli's counsel's reasonable hourly rate in this case at $400.00.

The only evidence Mr. Vitelli's counsel has provided to the court to support his claimed $450.00 hourly rate relates to: (1) his own claimed hourly rates, and (2) one case from this district in which a $450.00 hourly rate was found as reasonable for lead counsel for class action claims under the FDCPA and the UCSPA.[44] Neither of those is sufficient to establish the prevailing market rate for the instant case. First, although Mr. Vitelli's counsel's claimed rate may be relevant to the prevailing market rate, it does not establish that rate conclusively.[45]

---

[42] *United Phosphorus*, 205 F.3d at 1234 (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998)).

[43] *Id.*; *see also Case,* 157 F.3d at 1257 ("Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.").

[44] *Morrison,* 2020 WL 3791893, at *3.

[45] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."); *Case,* 157 F.3d at 1257 ("We do not mean to suggest that a plaintiff's attorney is automatically entitled to his or her normal market rate. Instead, the parties should submit, and the district court must consider, evidence of the

Importantly, Mr. Vitelli's counsel failed to provide any other evidence of the prevailing market rate for attorneys prosecuting cases involving FDCPA or UCSPA claims. Second, the fact that a judge in this court has determined as reasonable an hourly rate of $450.00 for lead counsel in a class action case involving claims under the FDCPA and UCSPA does not persuade the court to

---

hourly rate the attorneys would be able to charge if working in the [relevant] field."); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 1990) ("A lawyer's customary billing rate is a relevant but not conclusive factor."), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993); *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987) (affirming the district court's reduction of hourly rates because the law firm seeking attorney fees "provided the court with documentation that showed only the prevailing market rates at [its] firm" and "did not submit any evidence that would show that its rates are representative of the prevailing market rates" in the relevant community); *Arjouan v. Cabre*, No. 1:17-cv-00782-PJK-JHR, 2018 WL 4571663, at *3 (D.N.M. Sept. 24, 2018) ("Here, the only evidence submitted are affidavits of two of the lawyers that worked on the case . . . claiming that *their own rates* are reasonable. Unlike in many cases, no outside lawyers support the claim that the rates of these two lawyers are reasonable. . . . Given the lack of supporting evidence for the requested fees, the court holds that the fee should be reduced to reflect this deficiency and at the very least to bring the amount in line with the average for our region." (emphasis in original)); *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2013 WL 5323191, at *9 (D. Colo. Sept. 23, 2013) ("Defendant argues that the rates its attorneys charge are reasonable because they are the attorneys' normal billing rates. The fact that defendant's attorneys regularly charge the aforementioned rates is relevant to the reasonableness of the rates, but not dispositive. Defendant has not submitted evidence that the rate charged by [its counsel] is consistent with the rates charged by other attorneys with similar experience in the Denver area. Accordingly, because defendant has not provided any evidence in support of [its counsel]'s proposed rate, the [c]ourt will adjust [defendant's counsel]'s rate based on its own familiarity of the range of prevailing rates in the Denver market." (citations omitted)); *UBS Bank USA v. Mullins*, No. 2:08-CV-814 TS, 2012 WL 516083, at *3 (D. Utah Feb. 15, 2012) (providing that "a court may give less weight to self-interested testimony" when establishing a reasonable hourly rate); *Schmidt v. Cline*, 171 F. Supp. 2d 1178, 1181 (D. Kan. 2001) ("Defendant has failed to submit evidence of the prevailing rates charged by attorneys in Topeka with skill, experience[,] and reputation comparable to his own. . . . Where, as here, a district court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, use other relevant factors including its own knowledge to establish the rate." ); *Gudenkauf v. Stauffer Commc'ns, Inc.*, 953 F. Supp. 1237, 1241 (D. Kan. 1997) (reducing the plaintiff's counsel's claimed hourly rates because they failed to submit evidence of the prevailing rates charged by attorneys litigating the same type of cases in the relevant community "with the skill, experience[,] and reputation comparable to their counsel").

approve Mr. Vitelli's counsel's claim for the same rate in this case, which involved only one plaintiff.

Given that Mr. Vitelli has failed to provide adequate evidence of the prevailing market rate for this case, the court relies upon other factors, including its own knowledge, to establish a reasonable hourly rate.[46] Considering those factors, the court determines that a reasonable hourly rate for Mr. Vitelli's counsel in this case is $400.00. That rate is consistent with the rate a judge in this district somewhat recently found was reasonable for Mr. Vitelli's counsel in case involving claims under the FDCPA and the UCSPA.[47]

### C. Attorney Fee Award

Having determined Mr. Vitelli's counsel's reasonable hours and reasonable hourly rate, the court calculates the lodestar to determine Mr. Vitelli's award of attorney fees, which is 19.4 hours multiplied by $400.00 per hour. Thus, Mr. Vitelli's attorney fee award is $7,760.00. As shown above, that award is at the high end of awards in similar cases, and the court views it as "adequate to attract competent counsel to similar cases without producing a windfall for attorneys."[48]

## II. Costs

As indicated above, both the FDCPA and the UCSPA provide for an award of costs to the prevailing party.[49] Additionally, Fed. R. Civ. P. 68(a) provides that any accepted offer of

---

[46] *United Phosphorus*, 205 F.3d at 1234; *Case*, 157 F.3d at 1257.

[47] *Christensen*, 2021 WL 66550, at *7.

[48] *Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-CV-01019-PAB-BNB, 2013 WL 2295449, at *9 (D. Colo. May 24, 2013) (citing *Blum*, 465 U.S. at 893-94).

[49] 15 U.S.C. § 1692k(a)(3); Utah Code Ann. § 13-11-19(2).

judgment includes "the costs then accrued." Moreover, Medicredit does not specifically dispute Mr. Vitelli's entitlement to costs. Accordingly, the court awards Mr. Vitelli his $402.00 in claimed costs.

## ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Mr. Vitelli's motion for attorney fees and costs[50] is GRANTED IN PART and DENIED IN PART.

2. Mr. Vitelli is entitled to an award of attorney fees in the amount of $7,760.00 and costs in the amount of $402.00, for a total award of $8,162.00.

IT IS SO ORDERED.

DATED this 10th day of November 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[50] ECF No. 14.